# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| Diamond Finance Co., Inc., | Case No. 820-71877-A736 |
| Debtor. | |

---------------------------------------------------------------X

| | |
|---|---|
| Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc. | Adv. Proc. No. |
| Plaintiff, | Complaint |
| - against - | |
| Rob Diamond a/k/a Robert Diamond, | |
| Defendant. | |

---------------------------------------------------------------X

Plaintiff, Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc. ("Plaintiff"), by his attorneys, Weinberg, Gross & Pergament, LLP, as and for his Complaint herein, respectfully alleges and represents to this Court, as follows:

### JURISDICTION AND VENUE

1. This adversary proceeding is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I) and § 1334.

2. This adversary proceeding relates to the above-referenced bankruptcy case now pending in this Court.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 523 and 727.

5. This matter is properly brought as an adversary proceeding under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

## PARTIES

6. Defendant Rob Diamond a/k/a Robert Diamond ("Diamond" or "Debtor") is the Debtor in the above-referenced bankruptcy case, which was filed as an involuntary case under Chapter 7 of the Bankruptcy Code on April 14, 2020 (the "Petition Date").

7. An Order for Relief was entered by the Bankruptcy Court on May 13, 2020.

8. Simultaneously with the filing of the involuntary case against the Debtor, on or about April 14, 2020, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Diamond Finance Co., Inc. ("DFC").

9. On or about May 20, 2020, an Order for relief was entered in the DFC case.

10. On or about May 20, 2020, Plaintiff became the interim trustee of DFC's Estate and subsequently qualified as the permanent trustee.

11. Plaintiff is a creditor of Diamond in an amount to be determined.

12. Plaintiff has filed a proof of claim in Diamond's bankruptcy case.

13. The Clerk of the Court assigned claim number 6 to the proof of claim filed by Plaintiff in Diamond's bankruptcy case.

## FACTS

14. This adversary proceeding arises from a ponzi scheme ("Ponzi Scheme") perpetrated by Diamond, who held himself out to investors of DFC to be an owner of a successful automobile lending and financing business.

15. In or about 1988 DFC was formed by Robert Diamond and DFC sought to

fill a need in the market by providing non-prime lending to customers in the automobile industry.

16. Robert Diamond was the sole shareholder of the Company and was its president and chief operating officer.

17. Robert Diamond grew the revenues of the Company by establishing relationships with various automobile dealers who directed customers to DFC to finance the purchase of used automobiles.

18. The interest rates charged by DFC ranged between market rate and 23.9% per annum.

19. Over time DFC expanded its business and needed capital to continue to provide the financing.

20. DFC obtained the funds for its business from borrowing from friends and independent business persons promising a high rate of returns.

21. Upon information and belief, Diamond advised investors that he required funds to operate and expand DFC's allegedly legitimate business.

22. Upon information and belief, DFC's business operation produced little or no profits or earnings.

23. Upon information and belief, Diamond gave a false appearance of DFC's profitability by seeking investments from new sources rather than earning profits from assets already invested.

24. Upon information and belief, Diamond promised a substantial return on the investments to the investors.

25. Upon information and belief, the source of payments to existing investors was from cash infused by new investors.

26. Upon information and belief, Diamond's representations to his investors were false, as a substantial portion of DFC's income was generated from the new investments, which was an integral part of the Ponzi Scheme.

27. Upon information and belief, a portion of the funds invested with DFC were used to pay for and sustain a lavish lifestyle of Diamond and his family members.

28. Upon information and belief, rather than utilizing the investor funds to invest in DFC's business, a significant portion of the funds were diverted by Diamond, without the consent of such investors/lenders, for other purposes, including: (a) the repayment of other investors/lenders their promised rate of interest or return; and (b) for the personal use of Diamond and his family.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this Complaint as if more fully set forth at length herein.

30. Upon information and belief, Diamond is indebted to Plaintiff.

31. Upon information and belief, under the guise of investments to DFC, Diamond used a Ponzi Scheme to fund his and his family's lavish lifestyle.

32. The money was obtained by false pretenses, false representations and/or actual fraud.

33. Diamond's victims relied on his representations to their detriment.

34. Diamond's fraudulent scheme was the proximate cause of the debt he owes to Plaintiff.

35. By virtue of the foregoing, Diamond's debt to Plaintiff should be excepted

from discharge pursuant to 11 U.S.C. § 523(a)(2).

## AS AND FOR A SECOND CLAIM FOR RELIEF
## NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" of this Complaint as if more fully set forth at length herein.

37. 11 U.S.C. § 523(a)(4) excepts from discharge any debt arising as a result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

38. Upon information and belief, with regard to his victims, Diamond frequently acted in a fiduciary capacity by promising returns on their investments.

39. Upon information and belief, Diamond embezzled his victims' funds.

40. By virtue of the foregoing, Diamond's debt to Plaintiff should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

## AS AND FOR A THIRD CLAIM FOR RELIEF
## NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "40" of this Complaint as if more fully set forth at length herein.

42. 11 U.S.C. § 523(a)(6) excepts from discharge any debt arising as a result of "willful and malicious injury by the debtor to another entity or to the property of another entity."

43. Upon information and belief, Diamond knew that DFC lacked the funds to operate its business and to pay its lenders the returns as promised.

44. Diamond knew that DFC was not generating sufficient funds to meet its obligations for its operations and to give the returns promised to its investors.

45. Upon information and belief, Diamond knew that DFC would not be able

to meet its obligations without obtaining funds from new investors and using those funds to satisfy the obligations of old investors.

46. Diamond also had DFC transfer funds from DFC to other entities formed by Diamond to continue the scheme to defraud his creditors, including the investors.

47. Upon information and belief, Diamond and others created entities to whom funds were funneled by DFC for no legitimate business purpose including funds that were transferred in excess of $2,000,000.00 to Auto City International.

48. Upon information and belief, the funds that were advanced to Auto City International was made with the knowledge that those funds would never be returned and that it was part of the scheme to defraud the creditors.

49. Upon information and belief, Diamond purposefully, intentionally, willfully and maliciously harmed his victims, knowing and intending damage to them.

50. By virtue of the foregoing, Diamond's debt to Plaintiff should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc., respectfully requests that this Court enter judgment against Defendant Rob Diamond a/k/a Robert Diamond as follows:

    a. as to the First Claim for Relief, denying the Debtor a discharge under 11 U.S.C. § 523(a)(2);

    b. as to the Second Claim for Relief, denying the Debtor a discharge under 11 U.S.C. § 523(a)(4);

    c. as to the Third Claim for Relief, denying the Debtor a discharge under 11 U.S.C. § 523(a)(6);

    d. plus costs and disbursements of this action; and

    e.    such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
November 13, 2020

                  Weinberg, Gross & Pergament LLP
                  Attorneys for Plaintiff Marc A. Pergament,
                  Chapter 7 Trustee for the Estate of Diamond
                  Finance Co., Inc.

By: _____
                  Marc A. Pergament
                  400 Garden City Plaza, Suite 403
                  Garden City, New York 11530
                  (516) 877-2424