UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

                                          Case No. 20-71878-reg

ROBERT DIAMOND
aka ROB DIAMOND,

                                          Chapter 7

                          Debtor.
-------------------------------------------------------------------x
MARC A. PERGAMENT, Chapter 7 Trustee of the
Estate of DIAMOND FINANCE CO., INC.,

                          Plaintiff,                Adv Proc. No. 20-8175-reg

v.

ROB DIAMOND
aka ROBERT DIAMOND,

                          Defendant.
-------------------------------------------------------------------x

## DECISION AND ORDER

      Before the Court are two related motions. The first motion, filed on December 10, 2020, is by the plaintiff, Marc A. Pergament, in his role as chapter 7 trustee ("DFC Trustee") of the Diamond Finance Co., Inc. ("DFC") bankruptcy case.  The DFC Trustee is seeking to amend the caption of the above-referenced adversary proceeding complaint –  which is a § 523 non-dischargeability complaint (the "§ 523 Action" or "Complaint") against Robert Diamond (the "Debtor") – to correct a typographical error in the main case caption of the Complaint which resulted in the adversary proceeding being filed and docketed in the DFC case instead of the Debtor's individual case.  The DFC Trustee is asking the Court to allow him to correct the caption to reflect the individual Debtor's main case instead of DFC's ("Motion to Amend").  Only the caption will change. The substance of the Complaint remains unchanged.

The Debtor did not file written opposition to the Motion to Amend. Instead, on December 12, 2020, relying on Bankruptcy Code §§ 105(a) and 362(a) and (k) and Bankruptcy Rules 9020 and 9014, the Debtor filed an emergency motion seeking an expedited hearing to hold the DFC Trustee in contempt for violating the automatic stay by improperly filing the § 523 Action against the Debtor in the DFC case and then failing to withdraw the Complaint when advised by Debtor's counsel that filing of the § 523 Action was a violation of the automatic stay in place in the Debtor's case ("Contempt Motion"). The Debtor's stay violation argument is two-fold. He relies first on the fact that the 523 Action was commenced in the wrong main case; that act, he argues violated the stay but did not in itself trigger the Contempt Motion. The alleged stay violation became willful and contemptuous, according to the Debtor, when the DFC Trustee did not withdraw the § 523 Action when such demand was made by the Debtor's counsel.

The DFC Trustee concedes that as a result of a typographical error the § 523 Action was captioned and filed in the DFC case instead of the Debtor's. He recognizes, however, that if he is not permitted to correct the error and continue to prosecute the § 523 Action within the Debtor's bankruptcy case, his claims against the Debtor will be subject to discharge as the time period to object to the Debtor's discharge has since expired.[1]

The Motion to Amend is unopposed. However, before the Court can determine whether to permit the DFC Trustee to amend the caption of the Complaint to correct his mistake, the Court first must determine whether the Complaint, with an incorrect main case caption, was properly "filed" in compliance with applicable Bankruptcy Rules, including Rules 4007 and 5005. The

---

[1] As explained later in this Decision, upon realizing his mistake the DFC Trustee filed an identical complaint in the Robert Diamond main bankruptcy case, but by the time that complaint was filed, November 23, 2020, the deadline to object to discharge had expired. (Adv. Proc. No. 20-8178) If the Motion to Amend is granted, the DFC Trustee has stated he will withdraw the second-filed complaint.

Court must also determine whether the filing of the Complaint in the DFC case was a violation of the automatic stay, as argued by the Debtor, and therefore void *ab initio*. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994). If the § 523 Action was either (a) not properly and timely filed in compliance with the Bankruptcy Rules, or (b) was filed in violation of the automatic stay, then the Motion to Amend must be denied as there would be no viable pleading to amend. If the reverse is true, then the Court finds that the unopposed Motion to Amend should be granted in light of the directive of Federal Rule of Civil Procedure 15(a)(2), that the Court should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15; FED. R. BANKR. P. 7015.

For the reasons that follow, the Court finds the § 523 Action was filed in compliance with applicable Bankruptcy Rules, and was not filed in violation of the automatic stay in Robert Diamond's bankruptcy case. The Motion to Amend is therefore granted, and the Contempt Motion is denied.

## FACTS AND PROCEDURAL HISTORY

On April 14, 2020, an involuntary petition under chapter 7 of the Bankruptcy Code (the "Code") was filed against the Debtor. No. 20-71878, ECF No. 1. On the same day, an involuntary petition under chapter 7 was also filed against Diamond Finance Co., Inc. ("DFC"), a company formed by the Debtor in 1988, which provided non-prime lending to customers in the automobile industry. No. 20-71877, ECF No. 1. On May 13, 2020, the Court entered an order for relief in the Debtor's case and Allan Mendelsohn was appointed as trustee. No. 20-71878, ECF. No. 11. On May 20, 2020, the Court entered an order for relief in the DFC case and Marc Pergament ("DFC Trustee") was appointed as trustee. No. 20-71877, ECF No. 22.

On June 17, 2020, the DFC Trustee filed a proof of claim in the Debtor's bankruptcy case in an undetermined amount.

On August 24, 2020 a stipulation and order was entered extending the deadline to object to the Debtor's discharge or object to dischargeability of a debt to October 23, 2020. No. 20-71878, ECF No. 93. On October 31, 2020, the deadline to object to the Debtor's discharge or to object to the dischargeability of a debt was further extended by stipulation and order, to November 13, 2020. No. 20-71878, ECF No. 108.

On November 13, 2020, the DFC Trustee filed an action pursuant to § 523(a) of the Code (the "§ 523 Action" or "Complaint") objecting to the dischargeability of his claim against the Debtor. Complaint, No. 20-8175, ECF No. 1. The caption of the Complaint correctly reflected the title of the adversary proceeding as "*Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc. Plaintiff, against Rob Diamond a/k/a Robert Diamond, Defendant.*" However, because the caption referred to the DFC bankruptcy main case, the adversary proceeding was not filed in the Debtor's individual case as was the intent of the DFC Trustee.

In the Complaint, the DFC Trustee alleges that the Debtor used DFC to perpetrate a Ponzi scheme by holding himself out to investors of DFC to be an owner of a successful automobile lending and financing business, meanwhile DFC's business operation produced little or no profits or earnings. Complaint ¶¶ 14–22. The DFC Trustee further alleges that, in addition to sourcing payments to existing investors from cash obtained by new investors through false representations, the Debtor used a substantial portion of the funds invested with DFC to pay for and sustain a lavish lifestyle. *Id.* ¶¶ 25–27. Consequently, the DFC Trustee claims that the Debtor is indebted to DFC and asserts three causes of action to deny the discharge of his claim under § 523(a)(2), (a)(4) and (a)(6) of the Code. *Id.* ¶¶ 29–50. As conceded by the Debtor in the Contempt Motion, the summons

and complaint were timely served on him and his counsel on November 13, 2020. Contempt Motion, No. 20-71878, ¶ 15, ECF No. 116.

Shortly after filing the Complaint the DFC Trustee discovered the error in the caption and, on November 23, 2020, filed an identical complaint ("Second § 523 Action" or "Second Complaint"), save for the correct bankruptcy main case reflected in the caption. Second Complaint, No. 20-8178, ECF 1.

On December 10, 2020, the DFC Trustee filed the instant Motion to Amend, pursuant to Bankruptcy Rules 4004, 4007 and 7015, seeking permission from the Court to amend the caption of the Complaint to change the name of the main bankruptcy case in the caption from "*In re: Diamond Finance Co., Inc., Debtor*" to "*In re: Robert Diamond a/k/a Rob Diamond, Debtor*." Motion to Amend, No. 20-8175, ECF No. 5. The motion alternatively requests that the Court deem the Second Complaint to be timely filed and, upon granting of the motion, authorize the discontinuance of the original § 523 Action mistakenly commenced in the DFC case. *Id.* ¶ 21. A hearing on the Motion to Amend was scheduled for January 11, 2021.

On December 12, 2020, the Debtor filed the Contempt Motion seeking an expedited hearing date alleging that the DFC Trustee violated the automatic stay imposed in the Debtor's individual case when he filed the Complaint in the DFC case and failed to withdraw it when such demand was made by Debtor's counsel. Contempt Motion, No. 20-71878, ¶¶ 11–46, ECF No. 116. The Debtor seeks compensatory and punitive damages against the DFC Trustee; seeks to enforce the automatic stay; and strike the Complaint. *Id.* ¶ 2. In the Contempt Motion the Debtor also

seeks to enjoin the DFC Trustee from prosecuting the § 523 Action and to toll all deadlines therein.[2]

On December 12, 2020, the Court issued an Order scheduling a hearing on the Contempt Motion for December 18, 2020, and ordered that pending further order of the Court, the time for the Debtor to file a responsive pleading in the § 523 Action is stayed and/or tolled. No. 20-71878, ECF No. 117. On December 17, 2020, the DFC Trustee filed an objection to the Contempt Motion. No. 20-71878, ECF No. 119. On December 18, 2020, the Debtor filed a reply. No. 20-71878, ECF No. 121.

A hearing on the Contempt Motion was held on December 18, 2020, at which time the Court directed both parties to submit additional papers on the issue of whether the § 523 Action objecting to the dischargeability of the DFC Trustee's claim violated the automatic stay. On January, 6, 2021, the DFC Trustee filed a letter brief in further support of his position and the Debtor filed a supplemental memorandum of law in support. No. 20-71878, ECF Nos. 127, 128. Both motions were adjourned to January 27, 2021 at which time the matters were taken under submission.

## DISCUSSION

### I. Motion to Amend

The DFC Trustee seeks only to amend the caption of the Complaint to reflect the individual Debtor's case. Alternatively, the DFC Trustee asks this Court to deem the (identical) Second

---

[2] The Debtor did not seek to enjoin the DFC Trustee from prosecuting the Second § 523 Action. The Debtor's counsel did, however, make an oral application, at the December 18, 2020 hearing on the Contempt Motion, to toll his time to answer the Second Complaint, which application was granted.

Complaint, filed on November 23, 2020 in Robert Diamond's case, to be timely filed. The Debtor does not oppose the Motion to Amend.

First the Court must determine whether the Complaint is a validly-filed and timely complaint which is subject to being amended. Only after that question is answered in the affirmative, can the Court determine whether the Motion to Amend should be granted under Bankruptcy Rule 7015(a). To answer the first question, the Court must examine the facts of this case under Bankruptcy Rules 4007 and 5005.

Bankruptcy Rule 4007 provides, in relevant part, that "a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." FED. R. BANKR. P. 4007(c). It is undisputed that the Complaint in the case at hand is one which alleges claims under § 523, so the next question is whether it was "filed" by the statutory deadline, i.e., November 13, 2020, in compliance with Rule 4007. Bankruptcy Rule 5005 (Filing and Transmittal of Papers) is instructive on this issue.

Bankruptcy Rule 5005(a)(1) provides that all papers, including complaints, required to be filed by the Bankruptcy Rules "shall be filed with the clerk in the district where the case under the Code is pending," except as provided in 28 U.S.C. §1409. FED. R. BANKR. P. 5005(a)(1). Rule 5005 further states that the "clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form . . ." FED. R. BANKR. P. 5005(a)(1). "Filing occurs when the document is in the possession of the clerk." *Mangum v. Marshall (In re Mangum)*, No. 06 C 3847, 2006 WL 3626775, at * 2 (N.D. Ill. Dec. 7, 2006). "Rule [5005] makes no express reference to filing papers in a particular case or on a particular docket*." Id.* (finding that "[w]hen the trustee first electronically filed the notice of appeal, even though on the wrong docket, the notice of appeal was filed with the clerk."); *see also*

*Jordan v. D'Amico (In re D'Amico)*, 507 B.R. 804, 806 (Bankr. W.D.N.Y. 2014) (granting motion to amend caption of complaint to reflect correct main bankruptcy case number and finding "adversary proceeding is not part of the bankruptcy case. It is a separate case that is duly commenced when a complaint is filed") (citation omitted). Bankruptcy Rule 4007 similarly does not command that a non-dischargeability complaint be "filed" in a particular case.

Based on the clear language of Rules 4007 and 5005 and the reasoning contained in the *Mangum* and *D'Amico* decisions, the Court finds that the Complaint was properly "filed" pursuant Rule 4007 despite the defect in the caption which caused it to be filed in the wrong bankruptcy main case. *Cf. Pessin v. RCMP Ent., LLC (In re Weeks Landing, LLC)*, 439 B.R. 908, 908 (M.D. Fla. 2010) (holding that complaint filed in the main case still constitutes being "filed" because an adversary proceeding "is commenced by filing a complaint with the court"). Thus the Court finds that Bankruptcy Rule 4007's requirement that a § 523 complaint be "filed" no later than 60 days after the first date set for the meeting of creditors under §341(a), has been satisfied.

The next question is whether the § 523 Action was commenced in violation of the stay in Robert Diamond's individual bankruptcy case. If it was, then it is void, *see Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994), and the Complaint is not capable of being amended as the DFC Trustee requests.

In support of his Contempt Motion, the Debtor argues that under the plain meaning of § 362(a)(1) and (a)(6) the § 523 Action filed in the DFC case violated the stay in place in the Debtor's individual case because the § 523 Action constitutes a claim against the Debtor that arose before the commencement of the Debtor's case, since the DFC bankruptcy case was commenced before

the Debtor's case.[3] *Debtor's Suppl. Mem. Concerning the Automatic Stay* ("Debtor's Supp."), No. 20-71878, ¶¶ 5–10, ECF No. 128. According to the Debtor, the § 523 Action is subject to the automatic stay because a dischargeability claim is an equitable remedy which constitutes a "claim" under § 101(5)(B) of the Code. Debtor's Supp. ¶¶ 9–11. The Debtor argues that the "judicial exception" to the automatic stay, discussed in *Lighthouse Bluffs, Corp. v. Atreus Enters., Ltd. (In re Atreus Enters., Ltd.)*, 120 B.R. 341, 346 (Bankr. S.D.N.Y. 1990), which allows actions commenced in the bankruptcy court where the debtor's case is pending, does not apply because the § 523 Action was not filed under the Debtor's bankruptcy case. The Debtor also asserts that this Court's decision in *BC Liquidating, LLC v. Sharf (In re BC Funding, LLC)*, No. 812-71471, 2014 WL 6780870 (Bankr. E.D.N.Y. 2014), does not apply in this case, despite the similarities. Debtor's Supp. ¶¶ 26–37. In *BC Funding*, this Court found no stay violation where a creditor filed a non-dischargeability action against the debtor in his individual case and in a related corporate case, reasoning that determination of the § 523 claim was merely ancillary to the claims allowance process. 2014 WL 6780870, at *5–*6. The Debtor argues that the Court's reasoning fails here because Robert Diamond does not have standing to participate in the claims allowance process where it is unlikely that there will be any surplus in excess of filed claims. Finally, the Debtor cites *Truong v. Mergenthaler (In re Truong)*, 763 Fed. App. 150 (3d Cir. 2019), which held that the stay prohibited an action commenced against a debtor by another debtor in the latter's bankruptcy case. The Debtor argues that *Truong* supports his position that the DFC Trustee may

---

[3] The Debtor misstates this fact. The order for relief in the DFC case was issued on May 20, 2020, which is after the order for relief was entered in the Debtor's case, on May 13, 2020. However, for all the reasons stated in this Decision, whether the DFC case was commenced before or after the Debtor's case is irrelevant.

not commence a dischargeability action against the Debtor in the DFC bankruptcy case. Contempt Motion ¶¶ 29–36. The Court will address these arguments in turn.

Pursuant to § 362(a), upon the filing of a petition in bankruptcy, the automatic stay provides, in relevant part, for a stay of "the commencement or continuation, . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case," as well as any act to "assess" a claim against the debtor that arose before the commencement of the case. 11 U.S.C. § 362(a)(1), (a)(6) (2018).

Courts generally have held that actions against a debtor that are commenced in the bankruptcy court where the debtor's case is pending do not violate the automatic stay. *See e.g.*, *Dibbern v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 325 B.R. 89, 97 (Bankr. S.D.N.Y.), *aff'd in part,* 331 B.R. 92 (S.D.N.Y. 2005) (finding creditor's assertion of pre-petition claims against the debtor before the bankruptcy court was not violative of the automatic stay); *Armco Inc. v. N. Atl. Ins. Co. (In re Bird)*, 229 B.R. 90, 94-95 (Bankr. S.D.N.Y. 1999) ("[T]he automatic stay does not apply to actions brought in the bankruptcy court where the debtor's case is pending . . . Such suits against the debtor can be considered the functional equivalent of filing a proof of claim against the bankruptcy estate.") (citations omitted); *In re Atreus Enters, Ltd.*, 120 B.R. 341, 346 (Bankr. S.D.N.Y. 1990) (finding that an action that would otherwise be enjoined by 11 U.S.C. § 362(a) is not subject to the automatic stay if commenced in the bankruptcy court where the debtor's case is pending). This judicially-recognized exception to the automatic stay includes non-dischargeability actions commenced under § 523(c) of the Code. *See Sears, Roebuck & Co. v. Hodges (In re Hodges)*, 83 B.R. 25, 26 (Bankr. N.D. Cal. 1988) (finding that as a matter of law nondischargeability actions do not violate the stay because "[a]n action taken in the bankruptcy court can only be a violation of the automatic stay when there is no basis under the Code for the

action"); *Nelson v. Providian Nat'l Bank (In re Nelson)*, 234 B.R. 528, 534 (Bankr. M.D. Fla. 1999) ("The contention that the exercise of a mandated statutory right under the Bankruptcy Code is a violation of the automatic stay is almost as absurd as a contention that any creditor who files a proof of claim in bankruptcy violated the automatic stay.").

This Court agrees with the general proposition that actions commenced against a debtor in the bankruptcy court where the debtor's bankruptcy case is pending do not violate the automatic stay. The Court rejects the Debtor's argument that the action must not only be filed with the same court, but also must be filed within the same case, in order to escape a stay violation. As previously discussed, Bankruptcy Rule 5005(a) requires only that the complaint be filed with the clerk in the district where the bankruptcy case is pending. FED. R. BANKR. P. 5005. The filing of the Complaint in the DFC case was the result of a typographical error in the caption which, under Rule 5005(a)(1), would not prevent the Court from recognizing that pleading as having properly been "filed" especially in light of Rule 5005's directive that the clerk may not refuse to accept any paper presented for filing solely because it is not presented in proper form.

The Court also rejects the Debtor's argument that his inability to participate in the claims allowance process dictates a different result than *BC Funding*. In *BC Funding* the trustee of a related corporate bankruptcy proceeding filed a proof of claim against the individual debtor and filed a § 523 non-dischargeability action in both the individual and the corporate bankruptcy case. In *BC Funding* this Court found no stay violation by filing the § 523 action in the corporate bankruptcy case because the § 523 action in that case was merely ancillary to the claims allowance process and not subject to the automatic stay. *See In re BC Funding, LLC*, 2014 WL 6780870, at *2; *see also In re Atreus Enters., Ltd.*, 120 B.R. at 346 (finding that the stay was never intended to bar the bankruptcy court from allowing claims or deciding dischargeability suits and entering

judgments for amounts found to be nondischargeable). One of the functions of the automatic stay, in addition to providing the oft-cited "breathing spell" for the debtor, is to aid in the orderly resolution of claims against a debtor by channeling all of those claims through the bankruptcy court. That fundamental function is not compromised where, as here, the "claim" is brought in the same court where the bankruptcy case is pending, albeit not initially in the same case. The Debtor's ability or inability to participate in the claims resolution process is irrelevant to this analysis.

Finally, the Debtor's reliance on *Truong* is misplaced. The offending action in *Truong* was not commenced before the same court where the debtor/defendant's case was pending, but rather was commenced before a different court in an entirely different district. *In re Truong,* 763 Fed. App. at 151–53.

Having determined that the § 523 Action was properly "filed" in compliance with Rule 4007 and 5005, and is not void as having been filed in violation of the automatic stay, the Court will now analyze the merits of the Motion to Amend under Rule 7015(a) which states in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave . . . and [t]he court should freely give leave when justice so requires." The decision whether to allow the amendment is left to the discretion of the court. *Hamilton Ins. Co. v. Anthony Bross, Inc.*, No. 19 CV 01344, 2020 WL 6149680, at *3 (E.D.N.Y. Sept. 30, 2020) (citing *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995)). "An amendment should not be allowed where there has been bad faith or dilatory motives, or where the amendment would be futile or would cause undue delay or undue prejudice to the opposing party." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962), among other cases). Courts have permitted the correction of a caption where the wrong name of a defendant was mistakenly used, but the correct defendant was sued served and thus put on notice of the claims. *Id.*

Applying these standards, the Court finds that the Motion to Amend should be granted. The DFC Trustee is not seeking to assert any additional claims or add parties to the action. The substantive allegations of the Complaint will be unaltered. The DFC Trustee merely seeks to amend the caption of the Complaint to reflect the Debtor's main bankruptcy case. The § 523 Action was commenced before the deadline to object to the Debtor's discharge expired, and the summons and complaint were duly served on the Debtor and his counsel which put them on notice of the claims asserted. The Court sees no prejudice to the Debtor in allowing this amendment. The Court does not believe the DFC Trustee acted in bad faith or engaged in dilatory tactics; rather he acted promptly to correct a mistake. To deny the amendment would produce a draconian result stemming from a typographical error which resulted in little to no prejudice to the Debtor. *See Foman v. Davis,* 371 U.S. 178, 181-82 (1962) (reversing lower court decision denying motion to amend and finding it contrary to the spirit of the Federal Rules of Civil Procedure "for decisions on the merits to be avoided on the basis of such mere technicalities"). The Motion to Amend is therefore granted.

### II.     Contempt Motion

The Debtor moves to hold the DFC Trustee in contempt and sanction him and his law firm for violating the stay by failing to withdraw the § 523 Action. This motion will be denied. First, the Court has already found that DFC Trustee's actions in filing the § 523 Action in the DFC case did not violate the stay and thus this cannot be the foundation for contempt and damages under § 362(k). Second, even assuming there was technically a stay violation here, which there was not, the Court would be hard-pressed to impose actual and/or punitive damages for a "willful" violation of the stay where counsel, as here, recognized his mistake and promptly moved the Court to remedy the situation by filing the Motion to Amend.

## CONCLUSION

For all the reasons stated herein, the Motion to Amend is granted and the Contempt Motion is denied. The DFC Trustee is directed to file an amended complaint in adversary proceeding number 20-8175 reflecting the individual Debtor's main case in the caption within 5 (five) business days of the date of entry of this Decision and Order.

SO ORDERED.

Dated: Central Islip, New York
February 9, 2021

Robert E. Grossman
United States Bankruptcy Judge